IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EDWARD CHARLES WALKER                                                                    PLAINTIFF

v.                                    CIVIL NO. 4:16-cv-04096

CHIEF DEPUTY JOHN ERIC GLIDEWELL;
And JAIL SUPERVISOR JANA TALLANT,
Howard County Detention Center                                                        DEFENDANTS

## MEMORANDUM OPINION

This is a civil rights action filed *pro se* by Plaintiff, Edward Charles Walker, under 42 U.S.C. § 1983. Before me is Defendants' Motion for Summary Judgment. ECF No. 19.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 16. Pursuant to this authority, I find this Motion is ready for decision and issue this Memorandum Opinion.

## BACKGROUND

Plaintiff filed his Complaint (ECF No. 1) on October 7, 2016, and an Addendum on October 25, 2016, (ECF No. 8) alleging Defendants were deliberately indifferent to his serious medical condition and discriminated against him based on his race while he was a pre-trial detainee in the Howard County Detention Center ("HCDC"). Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") – Randall L. Williams Correctional Facility in Pine Bluff, Arkansas. Plaintiff is suing Defendants John Eric Glidewell and Jana Tallant in their individual and official capacities. Plaintiff is seeking compensatory and punitive damages and requests "O.R. bonds cease until a judge is introduced to the facts in each individual case". ECF No. 1.

Defendants Glidewell and Tallant filed a summary judgment motion on May 22, 2017, stating they are entitled to judgment as a matter of law because: 1) there is no basis for official capacity liability; 2) Defendants were not deliberately indifferent to Plaintiff's serious medical needs; and 3) Plaintiff has failed to identify a similarly situated inmate of another race who was treated differently than himself.  ECF No. 19.  On June 8, 2017, Plaintiff filed his Response to the motion.  ECF No. 23.

Plaintiff alleges on or about July 18, 2016 he was arrested on misdemeanor charges and placed on the floor "in misdemeanor Pod C of the Howard County Jail.  At that time I had numerous medical problems (head, dental, foot, pain) and asked Officer Lacie Grace if she could "O.R. Bond" me out since there was no space available and I had some medical appointments concerning health issues…I was told…that Miss Jana said no…".  ECF No. 8.  Plaintiff also claims "on several occasions over the last sixteen years, I have been arrested in Nashville.  One time I had tuberculosis, one time I had staff.  Every time I was required to post bond.  I have information indicating that some white defendants with the same and/or similar charges are being O.R. bonded by John Eric Glidewell with or without a Judges inquiry but by Officer Glidewell's initiation."  Plaintiff alleges "a simple examination of book-in records can prove or disprove this allegation…"  ECF No. 1.

According to the Affidavit of Defendant Glidewell, Plaintiff was not in the HCDC at any time during July of 2016.  However, on June 19, 2016 Plaintiff was booked into the HCDC on charges of criminal trespass, failure to appear, shoplifting, and theft of property and was released on June 23, 2016.  ECF No. 20-15.  Plaintiff was arrested again on August 5, 2016 for public intoxication and third degree battery and was released on August 7, 2016.  It appears Plaintiff was

2

again arrested and booked into the HCDC on August 18, 2016 where he remained until March 8, 2017.

On August 30, 3016, Plaintiff was examined and treated by Dr. Brian Oge for a broken tooth, headache and earache he suffered in a free world beating on July 4, 2016.  He was also treated at that time for pain caused by calluses on the bottom of his feet. ECF No. 20-1, p. 1.  On September 19, 2016 Plaintiff filed two inmate grievances with the HCDC.  In the first grievance Plaintiff states "I would like to know why I have not heard from someone concerning me going to the doctor about my foot pain?  I also need a 1983 form to file because there is some racial issue I need explained to me.  For I see that there have been a lot of white people getting O.R.ed for various reason and not blacks…" ECF No. 1, p. 9.  The second grievance states in part "For far to long we as a race of African Americans have been unfairly treated by the powers to be in this county because the police and the people who are doing certain things and getting away with seem to think it is okay." ECF No. 1, p.8.  The following day Defendant Glidewell met with Plaintiff to discuss the racial discrimination allegations and his foot pain set forth in Plaintiff's grievances.  During this meeting Plaintiff stated "whites get OR'd for public intox, but he has never been OR'd for public intox. ECF No. 20-15, p. 10.  Plaintiff also told Defendant Glidewell during this meeting he had been to see the doctor in the HCDC in the past few weeks about his foot, but was only given medicine and really needed surgery.  ECF No. 20-15, p. 2.

On October 7, 2016, Plaintiff was seen by Dr. Oge for hypertension, back and headaches, and the foot pain from the calluses.  According to Dr. Oge's Clinic Report, Plaintiff "complains of pain in right foot for over 1 year due to multiple callus's.  States naproxen and ibuprofen not helping at all.  Patient seen by Dr. Saldino in Texarkana in January.  Patient states was told that would need surgery on foot."  The October 7, 2016 Clinic Report plan states "Patient with several

callus's on the right foot. Patient instructed to decrease ambulation. Patient to continue taking the naproxen and tylenol as prescribed for symptomatic relief of pain. According to the recommendations by Dr. Saldino the patient is to wear shoes with orthoses if possible while incarcerated. Patient to continue to try and distribute weight away from the painful sites. Painful heel lesions will go away with abnormal gait, shift weight to the arch and other metatarsals. Once again, the treatment is symptomatic, and the patient will need to follow up with podiatry if the callus's have not improved post-incarceration." ECF No. 20-2, p. 2.[1]

## LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However,

---

[1] After Plaintiff filed his Complaint on October 7, 2016, Plaintiff was seen by medical personnel at the HCDC for his foot pain and other medical conditions on seven (7) occasions between November 4, 2016 and February 13, 2017. ECF No. 20-4. In January of 2017, Defendant Tallant made arrangements to obtain orthotics for Plaintiff and in February 2017 she purchased shoes for him that would allow the orthotics to fit properly. ECF No. 20-14.

"[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## DISCUSSION

1. <u>Official Capacity Claim</u>

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, an official capacity claim against Defendants Glidewell and Tallant is treated as a claim against Howard County. *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Howard County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, the plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

In *Johnson v. Douglas County Medical Dept.*, 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom. To establish a claim for "custom" liability, [Plaintiff] must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and 3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

*Id*., 725 F.3d at 828 (citations omitted).

In his Complaint Plaintiff alleges he is suing Defendants for discriminating against him in their official capacity because "It has become a regularity at the Nashville, Howard County Jail to O.R. Bond detainees for medical and personal reasons when the jail is overcrowded. Whites are routinely O.R. bonded for medical reasons identical to Blacks. Blacks are never or rarely O.R. bonded. A simple examination of book-in records can prove or disprove this allegation…" ECF No. 1. As to his official capacity claim for inadequate medical care, Plaintiff alleges there are "no medical personal on staff at any time None." ECF No. 23.

The record does not reflect any summary judgment evidence of an unconstitutional policy or custom of Howard County that contributed in any way to a violation of Plaintiff's civil rights. To the contrary, Plaintiff – a black male – was arrested and booked into the HCDC seventy-seven (77) times and released on his own recognizance forty-five (45) times between May 13, 1997 and August 18, 2016. ECF No. 20-14. In addition, Plaintiff was examined and treated by Dr. Oge who provided medical care and treatment to HCDC inmates on numerous occasions. ECF No. 20-2. Accordingly, Plaintiff's claims against Defendants in their official capacity fail as a matter of law.

2. <u>Denial of Adequate Medical Care</u>

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard. *See Butler v. Fletcher,* 465 F.3d 340, 344 (8th Cir. 2006). To prevail on his Eighth Amendment claim, Plaintiff must prove Defendants Deluca and Mendenhall acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)). In order to show he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

In order for Plaintiff to establish the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Plaintiff claim for denial of adequate care fails for several reasons.  First, in explaining what he believes the Defendants did or failed to do which caused a violation of his constitutional right to medical care Plaintiff states "I am in the cell block and can't actually see who or what happened but I do know that Janna Talant is the Jail Administrator and John Eric Glidewell is the Chief Duptuy."  ECF No. 8.  There is no evidence in the summary judgment record to indicate whether Defendants Glidewell or Tallant are trained in the medical field or are responsible for the medical care of inmates in the HCDC.  *See, Keeper v. King,* 130 F.3d 1309, 13114 (8th Cir. 1997) (finding that a prison official cannot be held liable under section 1983 for inadequate medical care when he was not a doctor and had no personal involvement in the decision regarding the prisoner's medical care).

Second, even if Defendants are responsible for Plaintiff's medical care, the Court is convinced neither Glidewell nor Tallant ignored or refused to treat Plaintiff's serious medical condition.[2]   Plaintiff was examined and treated by Dr. Oge who provided medical care and treatment to HCDC inmates on August 30, 2016 and was prescribed medication for pain. ECF No. 20-2.  Defendant Glidewell met with Plaintiff the day after he filed a grievance regarding his foot pain and discussed the matter.  Plaintiff was then examined and treated for his foot by Dr. Oge for a second time on October 7, 2016.  Although Plaintiff claims he should have had surgery on his foot, as previously stated, mere disagreement with treatment does not rise to the level of a constitutional violation.  *Popoalii,* 512 F.3d at 499.

Finally, although it is not clear from Plaintiff's pleadings, if the Court assumes Plaintiff is alleging a delay in his medical treatment, he must place verified medical evidence into the record to demonstrate the alleged delay in treatment caused harm and had some detrimental effect.

---

[2] The Court will assume for purposes of ruling on the summary judgment motion that the calluses on Plaintiff's foot constitute a serious medical condition.

8

*Beyerbach v. Sears,* 49 F.3d 1324, 1326 (8th Cir. 1995); *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005) (quoting *Crowley v. Hedgepeth,* 109 F.3d 500, 502 (8th Cir. 1997)).  Plaintiff has not submitted any verified proof any alleged delay in receiving medical care or medication caused a detrimental effect to his overall prognosis.  Consequently, Plaintiff's claims against Defendants for denial of medical care fail as a matter of law.

3.  Racial Discrimination

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citation omitted).  Only *deliberate* discrimination is actionable under the Equal Protection Clause.  *Personnel Administrator v. Feeney*, 442 U.S. 256, 273 (1979); *Washington v. Davis*, 426 U.S. 229, 239- 48 (1976).  Thus, a claim of racial discrimination under the Equal Protection Clause requires a showing of discriminatory intent.  *Washington,* 426 U.S. at 239-40.  The "unequal treatment of persons who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination."  *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) (internal quotation marks and citation omitted).  "Discriminatory purpose can be proved with various kinds of direct and circumstantial evidence but it is most often proved with evidence that similarly situated inmates were treated differently."  *Id.*

Plaintiff alleges he was racially discriminated against by Defendants because "Whites are routinely O.R. bonded for medical reasons identical to Blacks.  Blacks are never or rarely O.R. bonded.  A simple examination of book-in records can prove or disprove this allegation…"  ECF No. 1.  Plaintiff's allegations are blatantly contradicted by the summary judgment record.  Plaintiff a black male – was arrested and booked into the HCDC seventy-seven (77) times and released on his own recognizance forty-five (45) times between May 13, 1997 and August 18, 2016.  ECF No.

9

20-14.  In addition, Plaintiff has not identified any similarly situated white inmates who were treated differently.  Accordingly, the Court finds Plaintiff's claim for racial discrimination fails as a matter of law.

## CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment (ECF No. 19) is **GRANTED.**  All claims against John Eric Glidewell and Jana Tallant are hereby dismissed with prejudice.  A judgment of even date consistent with this opinion shall issue.

**DATED this 17th day of June 2017.**

>    /s/     Barry A. Bryant
> HON. BARRY A. BRYANT
> UNITED STATES MAGISTRATE JUDGE